IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KADESISHA JONES, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-34-ECM-SMD |
| | ) | |
| SAUGAHATCHEE COUNTRY CLUB, | ) | |
| | ) | |
|    Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Kadesisha Jones ("Jones") brings this employment discrimination action against Defendant Saugahatchee Country Club ("Saugahatchee"). In her amended complaint, Jones alleges that she was terminated from her position at Saugahatchee due to her race and sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. Am. Compl. (Doc. 9) p. 2. Saugahatchee moved to dismiss Jones's Title VII claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot. (Doc. 17). After reviewing the submissions of the parties, the undersigned determined that evidence outside of the pleadings should be considered in making a recommendation regarding Saugahatchee's motion. *See* Order (Doc. 27) pp. 1-3. Therefore, the undersigned advised the parties that Saugahatchee's motion to dismiss would be converted to a motion for summary judgment,[1] and afforded

---

[1] *See Sorry v. City of Atlanta*, 2022 WL 2784603, at *4 (11th Cir. July 15, 2022) ("A district court must convert a motion to dismiss under rule 12(b)(6) into a motion for summary judgment if it considers materials outside the pleadings.").

Jones the opportunity to respond with affidavits or evidence showing that a genuine issue of material fact remained. *See* Order (Doc. 27) pp. 2-4.[2] The matter is now fully briefed, and as explained below, the undersigned recommends that Saugahatchee's motion to dismiss be converted into a motion for summary judgment; that the motion for summary judgment be granted as to Jones's Title VII claims; that Jones's remaining § 1981 race discrimination claim be dismissed for failure to meet the federal pleading standards and comply with the undersigned's previous order to amend; and that Jones be allowed to file a second amended complaint as to her § 1981 claim that will address the deficiencies set forth in this Recommendation.

I. **JONES'S FACTUAL ALLEGATIONS & CLAIMS**

   A. **Jones's Factual Allegations**

Jones is a Black female who worked at Saugahatchee for approximately six months. Am. Compl. (Doc. 9) p. 2. Jones alleges that, during her employment, she was treated differently than White co-workers. *See generally* Am. Compl. (Doc. 9). For instance, Jones contends that Black employees were sent home for wearing shoes that White employees were allowed to wear; that White employees could wear any hairstyle while Black employees were picked on and called "ghetto" for theirs; and that White employees could "eat without being watched or called a thief" while Black employees could not. *Id*. Jones also alleges that Black servers were prohibited from working in

---

[2] In the order affording Jones an opportunity to respond, the undersigned advised Jones, under *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985), to respond with "sworn affidavits, declarations, depositions, or other evidentiary materials to demonstrate that there is a genuine dispute as to a material fact for trial[.]" Order (Doc. 72) pp. 3-4.

certain areas of the club because they were told they did not "fit in right." *Id*. Jones further claims that Saugahatchee's manager referred to her as "you People," "girl," and "your kind" instead of calling her by her name, as he did to White employees. *Id*.

In October 2021, Jones complained to the manager that she was groped by an intoxicated White employee. *Id*. Jones alleges that nothing happened to the White employee but that she was sent home. *Id*. at 2-3. The White employee further taunted her, calling her racial slurs and commenting on her weight. *Id*. at 3. When she complained to her manager on multiple occasions that she was being discriminated against, she was given a raise each time (4 raises total) and told to "close [her] mouth" on behalf of Saugahatchee. *Id*. Sometime later, Saugahatchee decreased Jones's hours to zero but did not fire her, thus preventing her from filing for unemployment. *Id*. at 2. Two other Black employees were treated similarly. *Id*. Ultimately, Saugahatchee terminated Jones. *Id*.

**B. Jones's Claims**

Based on these allegations, Jones brings "claims of discrimination and retaliation/termination due to race and sex in violation of Title VII of the [C]ivil [R]ights Act of 1964 as amended . . . and U.S.C. section 1981a." Am. Compl. (Doc. 9) p. 2.³

---

³ Jones also purports to bring "[f]ederal law claims of discrimination, retaliation, invasion of privacy, invasion of assault & battery, outrage, negligent and wanton hiring, training, supervision, and/or retention[.]" Am. Compl. (Doc. 9) p. 2. However, as explained herein, the undersigned does not construe Jones's amended complaint to bring these various other claims.

Jones's amended complaint contains a section titled "Cause of Action." *Id*. Within that section, Jones sets forth three headings: (1) Race Discrimination, (2) Sex Discrimination, and (3) Pattern and Practice. Am. Compl. (Doc. 9) pp. 2-3. She does not include headings for the various other claims—i.e., invasion of privacy, invasion of assault & battery, outrage, etc.—that she lists above. Because Jones has not identified those additional claims within her cause of action section, and because her factual allegations do not generally support those claims, the undersigned declines to construe Jones's amended complaint to assert them. Instead, the undersigned reads Jones's amended complaint to bring a claim for race discrimination

3

## II. JURISDICTION

This Court has jurisdiction over Jones's Title VII and § 1981 claims under its federal question jurisdiction. 28 U.S.C. § 1331; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006).

## III. LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When the non-moving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to "make a showing sufficient to establish the existence of an element essential to [its] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The legal elements of the plaintiff's claim dictate which facts are material and which are irrelevant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A fact is not material if a dispute over that fact will not affect the outcome of the case under the governing law. *Id.* "If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Celotex*, 477 U.S. at 331 (White, J., concurring).

The court must view the proffered evidence in the light most favorable to the nonmovant and resolve all reasonable doubts about the facts in the nonmovant's favor. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234,1243 (11th Cir. 2001). However, a mere scintilla of evidence in support of a position is insufficient; the

---

under both Title VII and § 1981, and a claim for sex discrimination under Title VII. Should this interpretation be incorrect, Jones will have an opportunity to file a second amended complaint to clearly set forth any additional causes of action that she intends to bring.

nonmovant must produce sufficient evidence to enable a jury to rule in his favor. *Id.* The Eleventh Circuit explains that "[s]imply put, the plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* (internal quotes and citations omitted).

## IV.   SAUGAHATCHEE'S MOTION

Saugahatchee argues that Jones's Title VII claims for race and sex discrimination should be dismissed because Saugahatchee is a private club that is not subject to Title VII. Mot. (Doc. 17) pp. 3-5. As explained below, Saugahatchee's motion should be granted, and Jones's Title VII claims dismissed.

## V.   OPERATIVE FACTS[4]

Saugahatchee is a private country club and non-profit organization. *See* Sadie Declaration (Doc. 17-1); Restated Articles of Incorporation ("AOI"), Ex. A (Doc. 17-1) p. 6 (Saugahatchee "is not organized for gain of profit, but is formed for non-pecuniary purposes exclusively"); Saugahatchee By-Laws ("By-Laws"), Ex. B (Doc. 17-1). It is exempt from taxation under Section 501(c)(7) of the Internal Revenue Code. *See* Sadie Declaration (Doc. 17-1); AOI, Ex. A (Doc. 17-1); By-Laws, Ex. B (Doc. 17-1).

Saugahatchee's exclusive purpose is "to facilitate the operation of a country club; to promote social intercourse among its members and affiliates and such other persons as

---

[4] The operative facts for purposes of Saugahatchee's motion are limited to whether Saugahatchee is subject to Title VII. While the undersigned is required to construe the operative facts in the light most favorable to Jones as the non-moving party, she has not filed any evidence contesting the facts pertaining to this issue. *See* Resp. (Doc. 29). Thus, these facts are undisputed for purposes of this Recommendation.

5

may, under its rules, be permitted to use the facilities; to provide facilities for pleasure, amusement, and recreation inducing such social intercourse, including the establishment of such facilities as golf course, tennis courts, swimming pools, and club houses, and the conduct of tournaments and athletic contests of all kinds[.]" AOI, Ex. A (Doc. 17-1) p. 6; By-Laws, Ex. B (Doc. 17-1) p. 13.

Saugahatchee limits its membership to 750 individuals. AOI, Ex. A (Doc. 17-1) p. 10. To become a member of Saugahatchee, an individual must complete an application and secure two member sponsors. *Id*. at 9-10. The Board of Directors (the "Board") then elects all members of the Club by ballot. *Id*. at 9. Saugahatchee's amenities are only available to the members of the club and their guests. By-Laws, Ex. B (Doc. 17-1) pp. 19, 21. Saugahatchee does not publicly advertise to solicit members. Sadie Declaration (Doc. 17-1) p. 3.

## VI.   ANALYSIS

Title VII prohibits an employer from discriminating against an individual on the basis of sex and race. *See* 42 U.S.C. § 2000e-2. An "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year[.]" 42 U.S.C. § 2000e(b). However, an employer does not include "a bona fide private membership club . . . which is exempt from taxation under section 501(c) of Title 26[.]" *Id*.

Here, it is undisputed that Saugahatchee is exempt from taxation under Section 501(c) of the Internal Revenue Code. *See* Sadie Declaration (Doc. 17-1) p. 2. Further, as

6

explained below, Saugahatchee is a bona fide membership club. As such, Saugahatchee is exempt from Title VII coverage.

To qualify as a bona fide private membership club, Saugahatchee must show that it (1) is a legitimate association of persons organized for recreational, social, or other purpose; (2) is private as opposed to public; and (3) requires some meaningful conditions of limited membership. *Coleman v. Dothan Country Club*, 532 F. Supp. 1235, 1238-39 (M.D. Ala. 2020); *see also Quijano v. Univ. Fed. Credit Union*, 617 F.2d 129 (5th Cir. 1980)[5] (For an organization to qualify as a bona fide private membership club, the organization must be an association of persons for social or recreational purposes; legitimate; private; and require meaningful conditions of membership.)); *Kelsey v. Univ. Club of Orlando, Inc.*, 845 F. Supp. 1526, 1529 (M.D. Fla. 1994).

### (1) Saugahatchee is a legitimate association of persons organized for social and recreational purposes.

Saugahatchee's By-Laws state that its exclusive purpose is "to facilitate the operation of a country club; to promote social intercourse among its members and affiliates and such other persons as may, under its rules, be permitted to use the facilities; to provide facilities for pleasure, amusement and recreation inducing such social intercourse, including the establishment of such facilities as golf course, tennis courts, swimming, pools and club houses, and the conduct of tournaments and athletic contests of all kinds; and to do and perform such things as may be necessary, proper or incident to such purposes." AOI, Ex. A (Doc. 17-1) p. 1; By-Laws, Ex. B (Doc. 17-1) p. 1. This

---

[5] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

evidence is undisputed and shows that Saugahatchee is a club in the ordinary sense of the word—i.e., that it is a legitimate association of persons organized for social and recreational purposes.

### (2) Saugahatchee is a private club.

"Private" is defined as "intended for or restricted to the use of a particular person or group or class of persons[;] not freely available to the public." *E.E.O.C. v. Chicago Club*, 86 F.3d 1423, 1435 (7th Cir. 1996). In determining whether Saugahatchee is a private club, the undersigned considers: (1) the extent to which it limits its facilities and services to club members and their guests; (2) the extent to which and/or the manner in which it is controlled or owned by its membership; and (3) whether and to what extent it publicly advertises to solicit members or to promote the use of its facilities or services by the general public. *See Kelsey*, 845 F. Supp. at 1529.

Here, Saugahatchee's amenities are only available to club members and their guests. By-Laws, Ex. B (Doc. 17-1) pp. 19, 21. The Board has "general charge of the activities of the Club" and "direct[s] its affairs." AOI, Ex. A (Doc. 17-1) p. 8. For example, the Board may contract for "building or other capital improvements"; buy and sell real estate; and borrow funds. *Id*. at 8-9. Additionally, Saugahatchee does not conduct any public advertising to solicit members. *See* Sadie Declaration (Doc. 17-1); By-Laws Ex. B (Doc. 17-1) p. 9. This evidence is undisputed and shows that Saugahatchee is a private club and not freely available to the public.

### (3) Saugahatchee requires meaningful conditions of limited membership.

To have meaningful conditions of limited membership, Saugahatchee must show that it limits its membership by restricting the size of its total membership and by affording membership only to individuals found personally accepted by its members. *Kelsey*, 845 F. Supp. at 1530. Saugahatchee limits the size of its membership to 750 persons who are accepted only after an application process, which requires two member sponsors followed by a vote of the Board of Directors. AOI, Ex. A (Doc. 17-1) p. 5; Saugahatchee By-Laws, Ex. B (Doc. 17-1) pp. 1, 4. This evidence is undisputed and shows that Saugahatchee requires meaningful conditions of limited membership.

In sum, because the undisputed evidence shows that Saugahatchee (1) is a legitimate association of persons organized for social and recreational purposes; (2) is a private club; and (3) requires meaningful conditions of limited membership, the undersigned finds that Saugahatchee is a bona fide private membership club. And because Saugahatchee is a bona fide private membership club that is exempt from taxation under Section 501(c), it is exempt from Title VII coverage. As such, Jones's Title VII race and sex discrimination claims should be dismissed.

**VII. JONES'S REMAINING § 1981 RACE DISCRIMINATION CLAIM**

Because Jones's amended complaint does not comply with the undersigned's previous order to amend and fails to meet federal pleading standards, Jones's remaining § 1981 race discrimination claim should be dismissed with a final opportunity to amend to address the deficiencies set forth below.

9

### A. Pleading Standard

To state a claim on which relief may be granted, a complaint must meet the pleading standards set forth in the Federal Rules of Civil Procedure. *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019). Federal Rule of Civil Procedure 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 also requires that each allegation in the complaint "be simple, concise, and direct." FED. R. CIV. P. 8(d). Rule 10 requires that "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Thus, to comply with federal pleading standards, a complaint must—at a minimum—set forth claims in numbered paragraphs as required by Rule 10 and allege sufficient facts for the court to reasonably infer that a defendant's actions were unlawful.

### B. Previous Order to Amend

On August 11, 2023, the undersigned entered an Order (Doc. 8) directing Jones to amend her complaint. In the Order, the undersigned instructed Jones as follows:

> Jones shall file an amended complaint that complies with Rules 8, 10, and 11 of the Federal Rules of Civil Procedure and the following requirements of this order:
>
> (1) The amended complaint shall set forth the specific federal cause(s) of action under which Jones brings her claims.
>
> (2) For each cause of action alleged, the amended complaint must contain factual allegations about each defendant's conduct, clearly indicating which specific factual allegations provide support for which cause(s) of action and noting the relevant date of all such actions. The amended complaint should not incorporate by reference previous paragraphs within the complaint.

10

(3) The amended complaint must include clear allegations of fact showing that Jones is entitled to relief. The facts must be stated in a clear, concise, and direct manner. They may not include legal argument, legal standards, or legal conclusions.

(4) The amended complaint must be set out in numbered paragraphs, each limited, as far as practicable, to a specific set of circumstances.

(5) The amended complaint must only allege claims against appropriate defendants under Title VII.

Order (Doc. 8) pp. 5-6.

### C. Jones's Amended Complaint Does Not Comply with the Undersigned's Previous Order to Amend and Fails to Meet Federal Pleading Standards

Jones's amended complaint does not comply with the undersigned's previous order to amend. First, the undersigned instructed Jones to identify "the specific federal cause(s) of action under which [she] brings her claims" and to include within those causes of action factual allegations—including all relevant dates—supporting that cause of action. Order (Doc. 8) pp. 5-6. Jones's amended complaint generally identifies three causes of action—i.e., race discrimination, sex discrimination, and "Pattern and Practice." Am. Compl. (Doc. 9) pp. 2-3. However, the amended complaint does not identify the statute under which she brings those claims within her cause of action section, nor does it appear to provide relevant dates for her factual allegations. Additionally, Jones's factual allegations supporting her causes of action are sprinkled throughout the amended complaint and not contained within each cause of action, as the undersigned instructed. For instance, Jones alleges within her sex discrimination claim that she was called racial slurs and that she was disciplined when she was groped by a White co-worker while the

White co-worker was not. Am. Compl. (Doc. 9) p. 3. Similarly, in the conclusion section of the amended complaint, Jones contends that her manager told her that "you people always want something for free" and called her a "thief." *Id*. If Jones intends for these allegations to support her race discrimination claim, she should include them—in numbered paragraphs—within that claim.

Second, the undersigned instructed Jones to file an amended complaint that is "set out in numbered paragraphs, each limited, as far as practicable, to a specific set of circumstances." Order (Doc. 8) p. 6. While Jones's amended complaint contains numbered paragraphs, the paragraphs are not limited to a specific set of circumstances. For instance, within her race discrimination claim, paragraph three sets forth facts that appear to arise from multiple incidents. Indeed, the paragraph includes allegations about the disparate treatment Jones received regarding footwear; how White co-workers were allowed to drink on the job; how she was called "ghetto" in reference to her hairstyle; how she and other Black co-workers were not allowed to work in certain areas of the club; etc. Am. Compl. (Doc. 9) p. 2. This conglomeration of allegations contained in one paragraph does not arise from the same circumstance (or set of circumstances) and therefore does not comply with the federal pleading standards or the undersigned's prior instruction to amend.

### D. Allowing Amendment Is Not Futile.

The Eleventh Circuit requires that a pro se plaintiff be afforded at least one opportunity to amend a complaint, so long as amendment is not futile. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Although the

undersigned has already afforded Jones one opportunity to amend, the undersigned cannot say—based on the factual allegations in the amended complaint—that allowing amendment as to Jones's § 1981 claim would be futile.[6]

Section 1981 provides that all people have the right "to make and enforce contracts regardless of race." 42 U.S.C. § 1981(a). To bring a § 1981 race discrimination claim, a plaintiff must allege (1) she belongs to a racial minority; (2) the defendant intended to discriminate based on race; and (3) the discrimination caused a contractual injury. *See Zidayat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021) (citations omitted). To state a claim for race discrimination, "a complaint need only provide enough factual matter (taken as true) to suggest intentional race discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245-46 (11th Cir. 2015) (citing 42 U.S.C. § 2000e-2(a)(1)).

Here, Jones alleges that she is Black and that she was treated differently than Saugahatchee's White employees. For example, Jones contends that she was sent home for wearing shoes that her White co-workers were allowed to wear. Am. Compl. (Doc. 9) pp. 2-3. She also asserts that she and other Black co-workers were prohibited from working in certain areas where White co-workers worked because the manager did not "think [they] would fit in right," and that she was called "you People," "girl," and "your kind" instead of her name. *Id*. at 2. Further, when she complained to her manager about

---

[6] Because Saugahatchee has not moved to dismiss the § 1981 claim, the claim remains pending regardless of whether amendment is futile. Thus, to promote clarity and efficiency, Jones should be allowed an opportunity to file a second amended complaint that sets forth this claim according to the federal pleading standards.

13

discrimination, Jones claims that she was given raises and "told to close [her] mouth." *Id*. at 3. Before ultimately terminating her, Jones contends that Saugahatchee reduced her work hours to zero and did the same to other Black co-workers who "were subjected to similar discrimination." *Id*.

Jones's allegations are scattered throughout her amended complaint, making it unclear which facts support her § 1981 race discrimination claim. However, considering Jones's pro se status and liberally construing her allegations as the undersigned is required to do, the undersigned cannot say that she is unable to state a § 1981 claim based on these facts. Therefore, should this Court adopt the undersigned's recommendation that Jones's Title VII race and sex discrimination claims be dismissed, the undersigned further recommends that the Court allow Jones an opportunity to file a second amended complaint to state her § 1981 race discrimination claim in compliance with Rules 8, 10, and 11 of the Federal Rules of Civil Procedure and the following requirements:

(1) The second amended complaint shall contain a jurisdictional section wherein Jones sets forth specific federal cause(s) of action under which she brings her claims or alleges sufficient facts to support diversity jurisdiction.

(2) The second amended complaint shall contain a section of facts, each listed in numbered paragraphs and limited as far as practicable to a specific set of circumstances. The factual allegations must be stated in a clear, concise, and direct manner. They may not include legal argument, legal standards, or legal conclusions. Jones shall provide specific dates, as far as practicable, on which the factual allegations occurred.

(3) The second amended complaint shall contain a section setting forth her individual causes of action. Jones shall include the relevant statute or authority under which she brings each claim.[7]

---

[7] Should this Recommendation be adopted, Jones's second amended complaint should not contain Title VII claims against Saugahatchee, as those claims would be dismissed.

14

(4) Within each cause of action, Jones shall set forth the factual allegations about Saugahatchee's conduct supporting that specific cause of action. These factual allegations should also appear in Jones's section of facts as described in paragraph 2 above. When setting forth the facts supporting each cause of action, Jones should not incorporate by reference previous paragraphs within the complaint.

(5) The second amended complaint shall contain a section stating the relief that Jones seeks against Saugahatchee.

In addition to these requirements, the undersigned also recommends that the Court advise Jones of the following in filing her second amended complaint:

**Jones is warned that her failure to file a second amended complaint that complies with the Federal Rules of Civil Procedure and the specific instructions of this Court will result in the second amended complaint being dismissed for failure to meet federal pleading standards and abide by orders of the Court.**

**Jones is advised that, should she choose to file a second amended complaint, the second amended complaint will replace all previously filed complaints. Thus, she should include all factual allegations relevant to her claims even if those allegations were previously asserted in another pleading. The Court will not consider any allegations that are not explicitly stated in the second amended complaint**.

**Jones is further advised that, upon filing a second amended complaint, Saugahatchee will have an opportunity to file a motion to dismiss the second amended complaint. Therefore, she should consider any arguments for dismissal when drafting her pleading.**

## VIII. CONCLUSION

In sum, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that

(1) Saugahatchee's Motion to Dismiss (Doc. 17) be converted to a motion for summary judgment;

(2) that the motion for summary judgment be GRANTED as to Jones's Title VII claims for race and sex discrimination;

(3) that Jones's amended complaint (Doc. 9) be DISMISSED for failure to meet the federal pleading standard and the requirements set forth in the undersigned's previous order (Doc. 8);

(4) that Jones be allowed to file a second amended complaint within three weeks of the adoption of this Recommendation that complies with the Federal Rules of Civil Procedure and the directives set forth in Section VII of this Recommendation.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 26, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District

Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 12th day of June, 2024.

                                           /s/ Stephen M. Doyle
                                           Stephen M. Doyle
                                           CHIEF U.S. MAGISTRATE JUDGE