IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KADESISHA JONES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  CASE NO. 3:23-cv-34-ECM |
| | ) |
| SAUGAHATCHEE COUNTRY CLUB, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Plaintiff Kadesisha Jones ("Jones") brings this *pro se* civil action against Defendants Saugahatchee Country Club ("SCC"), David Weiss, and David Robertson, asserting federal and state law claims arising out of her former employment with SCC. On February 19, 2025, the Magistrate Judge entered a Recommendation (doc. 45) that SCC's motion to dismiss Jones' second amended complaint (doc. 36) be granted in part and denied in part with respect to Jones' federal claims, and that the Court should not exercise supplemental jurisdiction over Jones' state law claims.[1] On March 20, 2025, Jones filed a motion to object (doc. 49), which the Court construes as objections to the Recommendation. After carefully reviewing the record, the Magistrate Judge's Recommendation, and Jones' objections, the Court concludes that Jones' objections are due to be overruled and the Magistrate Judge's Recommendation is due to be adopted.

---

[1] The record reflects that neither David Weiss nor David Robertson has been served with the second amended complaint.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

To the extent Jones makes conclusory objections or merely restates the allegations and arguments previously made to the Magistrate Judge, these objections are reviewed for clear error and are due to be overruled. Moreover, while Jones' objections reflect a disagreement with the Recommendation, Jones fails to establish that the Magistrate Judge erred in his reasoning or conclusions. Consequently, Jones' objections are due to be overruled. Additionally, the Court finds that it lacks supplemental jurisdiction over Jones' state law claims pursuant to 28 U.S.C. § 1367 because they do not arise out of the same nucleus of operative fact as Jones' 42 U.S.C. § 1981 disparate treatment claim, the sole federal claim which survives dismissal. Thus, the state law claims are due to be dismissed

without prejudice.

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1. Jones' objections (doc. 49) are OVERRULED;

2. Jones' motion to object (doc. 49) is TERMINATED;

3. The Recommendation of the Magistrate Judge (doc. 45) is ADOPTED;

4. SCC's motion to dismiss (doc. 36) is GRANTED IN PART to the extent that Jones' Title VII claims, her § 1981 hostile work environment claim, and her § 1981 retaliation claim are DISMISSED. The motion to dismiss (doc. 36) is DENIED as to Jones' § 1981 disparate treatment claim;

5. The Court lacks jurisdiction over Jones' state law claims, and the state law claims are DISMISSED without prejudice;

6. David Weiss and David Robertson are DISMISSED as parties to this action;

7. This case is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 25th day of March, 2025.

                                           /s/ Emily C. Marks
                                         EMILY C. MARKS
                                         CHIEF UNITED STATES DISTRICT JUDGE